# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                    PLAINTIFF

      v.      Criminal No. 08-50055-001

**JESUS TREVINO, also known
as Adalid Montiel-Figueroa**                                                    DEFENDANT

## O R D E R

Now on this 31st day of July, 2008, comes on for consideration defendant's **Motion To Dismissal The Defects In The Indictment** (document #17), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Defendant is charged in a one-count Indictment with illegally reentering the United States after having been deported following conviction of an aggravated felony, in violation of **8 U.S.C. §1326(a)** and **(b)(2).**

2. Defendant suggests four reasons that the Indictment should be dismissed:

    *   intentional manipulation of the charges;

    *   concealment of information about his second deportation;

    *   intentional change in his name; and

    *   violation of his right to be free of double jeopardy.

3. As near as the Court can determine, defendant's contentions amount to the following:

    *   That in July, 2007, while in the custody of Benton

County on a narcotics charge, he admitted to a Mr. Boze, an agent of the Bureau of Immigration and Customs Enforcement ("ICE"), that he was illegally in the United States, and an immigration detainer was placed against him.

* That in May, 2008, he was released by Benton County, and was taken into custody by ICE. (The Indictment in this matter was filed on June 25, 2008.)

* That Boze determined he had an FBI number (413505NAS); an Alien Registration Number (A71821883); and a U.S. Marshall number (05888-101), and used two names, Jesus Trevino and Jesus Trevino Celaya, but did not reveal this information

* That a second ICE agent, Mr. Burtis, obtained his Alien Registration File, which contained two Warrants of Removal, one dated April 17, 1997, and one dated May 20, 2004. The file indicated that Jesus Trevino was "last deported to Mexico" on July 14, 2004. (This was apparently defendant's second deportation.)

* That Burtis made an Affidavit (for Case Number 08-mc-5023) which concealed the fact that he had a U.S. Marshall number and that when he was deported on July 14, 2004, it was under the name Jesus Trevino Celaya rather than the name Jesus Trevino.

* That on June 25, 2005[1], he "was due to formal arraignment again" with the charge changed from a violation of **8**

---

[1] The Court believes this date involves a typographical error, as these charges were not brought until 2008.

U.S.C. §1326(a) to a violation of 8 U.S.C. §§1326(a) and (b)(2), which was "the same indictment for which I was processed and sentenced to 70 months in November 17, 2000," in Case No. 00-CR-40012 under the name Jesus Trevino Celaya.[2]

4.  Even if the foregoing allegations are factually correct, they do not establish any basis to dismiss the Indictment in this matter, for the following reasons:

*   The addition of subsection 8 U.S.C. §1326(b)(2) to the charge does not change the nature of the offense, but rather affects the range of punishment, and need not even be mentioned in an Indictment. See **Almendarez-Torres v. United States, 523 U.S. 224 (1998).**

*   There is no requirement that either the Complaint or the Indictment contain every fact known to the government. The Complaint need only contain "a written statement of the essential facts constituting the offense charged." **F.R.Cr.P. 3.** The Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and must include a citation to the provision of law the defendant is alleged to have violated. **F.R.Cr.P.7(c)(1).** The Complaint and the Indictment in this case met these standards.

*   Defendant does not deny that any of the three names used

---

[2] In this Texarkana Division case, Judge Harry Barnes sentenced defendant -- under the name Jesus Trevino-Celaya -- to 70 months, which was reduced to 57 months upon remand from the Eighth Circuit Court of Appeals.

-3-

in the documents in this and his other cases have been used by him with the intent that he be known by them.  He does not contend that the government has charged the wrong person in the Indictment.  Nor does he offer any basis for determining which of these three names is his real name.  Having held himself out to be Jesus Trevino, Jesus Trevino Celaya, *and* Adalid Montiel-Figueroa, he cannot now be heard to contend it is unfair to call him by any one of these names.  This is especially true where the Indictment and other filings in this case include the name he now contends is his real name.

\*      Defendant's contention that he is being subjected to double jeopardy is based on an erroneous interpretation of the double jeopardy clause.  He contends, essentially, that since he has already been deported for violation of **8 U.S.C. §§1326(a)** and **(b)(2)**, he cannot again be deported for a violation of those sections.  This is akin to arguing that if one has ever been convicted of murder, he cannot subsequently be charged with murder even if he kills another person.  That is not the way the double jeopardy clause operates.  The charges now under consideration are for a different reentry than the one for which he was formerly deported.

Because none of defendant's contentions has merit, his motion will be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismissal**

**The Defects In The Indictment** (document #17) is **denied**.

**IT IS SO ORDERED.**

      **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**